UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RAYMOND HEALEY,

        Petitioner,

vs.

ROBERT LeGRAND, *et al.*,

        Respondents.

3:12-cv-00634-LRH-WGC

**ORDER**

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. Petitioner has paid the filing fee for this action. (ECF No. 3). The petition shall now be filed and served on respondents.

Petitioner has filed a motion for the appointment of counsel. (ECF No. 1-2). There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). The petition on file in this action is well-written and sufficiently clear in presenting the issues that petitioner wishes to bring. The issues in this case are not complex. It does not appear that counsel is not justified in this instance. The motion is denied.

A petition for federal habeas corpus should include all claims for relief of which petitioner is aware. If petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2254(b) (successive petitions). If petitioner is aware of any claim not included in his petition, he should notify the Court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

**IT IS THEREFORE ORDERED** that the Clerk shall **FILE and ELECTRONICALLY SERVE** the petition (ECF No. 1) upon the respondents.

**IT IS FURTHER ORDERED** that petitioner's motion for the appointment of counsel (ECF No. 1-2) is **DENIED.**

**IT IS FURTHER ORDERED** that respondents shall have **forty-five (45)** days from entry of this order within which to answer, or otherwise respond to, the petition. In their answer or other response, respondents shall address all claims presented in the petition. Respondents shall raise all potential affirmative defenses in the initial responsive pleading, including lack of exhaustion and procedural default. **Successive motions to dismiss will not be entertained**. If an answer is filed, respondents shall comply with the requirements of Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254. If an answer is filed, petitioner shall have **forty-five (45) days** from the date of service of the answer to file a reply.

**IT IS FURTHER ORDERED** that any state court record exhibits filed by respondents shall be filed with a separate index of exhibits identifying the exhibits by number or letter. The hard copy of all state court record exhibits shall be forwarded, for this case, to the staff attorneys in the **Reno** Division of the Clerk of Court.

**IT IS FURTHER ORDERED** that, henceforth, petitioner shall serve upon the Attorney General of the State of Nevada a copy of every pleading, motion, or other document he submits for consideration by the Court. Petitioner shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the Attorney General. The Court may disregard any paper that does not include a certificate of service. After respondents appear in this action, petitioner shall make such service upon the particular Deputy Attorney General assigned to the case.

DATED this 28th day of January, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE