UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RAYMOND HEALEY, | Case No. 3:12-cv-00634-MMD-WGC |
| Petitioner, | ORDER |
| v. | |
| ROBERT LeGRAND, et al., | |
| Respondents. | |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. By order filed January 28, 2013, this Court denied petitioner's motion for the appointment of counsel. (Dkt. no. 4.) Petitioner has filed a motion for reconsideration of the Court's denial of his motion for the appointment of counsel. (Dkt. no. 7.) Petitioner has also filed a motion to extend time in which to file a reply to the answer. (Dkt. no. 13.)

In petitioner's motion for reconsideration, he asserts that he is being denied access to the courts due to the Lovelock Correctional Center's law library process. Plaintiff complains that instead of giving prisoners physical access to the law library, Lovelock uses a "paging system," whereby prisoners make requests for legal materials which are later delivered to them. A prisoner's right to access the courts "guarantees no particular methodology but rather the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts . . . . [It is this capability] rather than the capability of turning pages in the law library, that

is the touchstone" of the right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 356-57 (1996). The paging system described by petitioner is not *per se* unconstitutional.

As to petitioner's request for the appointment of counsel, there is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). This Court has determined that the petition on file in this action is well-written and sufficiently clear in presenting the issues that petitioner wishes to bring. The Court has also determined that the issues in this case are not complex. Petitioner's motion for reconsideration of this Court's prior order denying his motion for the appointment of counsel is denied.

Respondents have filed an answer in this case. (Dkt. no. 10.) On April 26, 2013, petitioner filed an extension of time in which to file a reply to the answer. (Dkt. no. 13.) In that motion, petitioner sought a 120-day extension of time in which to file a reply. Good cause appearing, the Court grants petitioner a 30-day extension of time from the date of issuance of this order in which to file a reply.

IT IS THEREFORE ORDERED that petitioner's motion for reconsideration (dkt. no. 7) of the order denying the appointment of counsel is DENIED.

IT IS FURTHER ORDERED that petitioner's motion for an extension of time (dkt. no. 13) is GRANTED, to the extent that petitioner is granted thirty (30) days from the date of issuance of this order in which to file a reply.

DATED THIS 16th day of August 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE