UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RAYMOND HEALEY,<br><br>　　　　　Petitioner,<br>　v.<br>ROBERT LeGRAND, et al.,<br><br>　　　　　Respondents. | Case No. 3:12-cv-00634-MMD-WGC<br><br>ORDER |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner. This matter comes before the Court on the merits of the petition.

**I.　PROCEDURAL HISTORY**

In the Eighth Judicial District for the State of Nevada, petitioner was charged with two counts of sexual assault on a minor under 14 years of age and one count of lewdness with a minor under 14 years of age. (Exhs. 3, 4.)[1] Pursuant to a jury verdict, petitioner was convicted of all charged crimes. (Exh. 24.) Petitioner was sentenced to two consecutive sentences of life with a minimum parole eligibility of 20 years for charges of sexual assault on a minor. Petitioner was sentenced to life with a minimum parole eligibility of 10 years on the lewdness charge, running concurrently with the other sentences. (*Id.*) Petitioner appealed his judgment of conviction. (Exh. 26.) On September 9, 2008, the Nevada Supreme Court affirmed petitioner's convictions. (Exh. 29.) Remittitur issued on October 7, 2008. (Exh. 30.)

---

[1]The exhibits referenced in this order are found in the Court's record at ECF No. 11.

1  On September 17, 2009, petitioner filed a post-conviction habeas petition in state district court. (Exh. 31.) Petitioner was appointed counsel, who thereafter filed a supplemental memorandum of points and authorities in support of the post-conviction habeas petition. (Exh. 33.) The state district court denied the habeas petition. (Exhs. 34, 36.) Petitioner appealed the denial of his post-conviction habeas petition. (Exh. 35.) On November 14, 2012, the Nevada Supreme Court affirmed the denial of the post-conviction habeas petition. (Exh. 38.) Remittitur issued on December 10, 2012. (Exh. 39.)

Petitioner dispatched his federal habeas petition to this Court on November 26, 2012. (ECF No. 5 at 1.) On April 15, 2013, respondents filed an answer. (ECF No. 10.) On August 21, 2013, petitioner filed a reply to the answer. (ECF No. 17.) The Court now addresses the merits of the claims made in the federal habeas petition.

## II.    FEDERAL HABEAS CORPUS STANDARDS

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. § 2254(d), provides the legal standard for the Court's consideration of this habeas petition:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693-694 (2002). A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a

rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor,* 529 U.S. 362, 405-406 (2000) and citing *Bell v. Cone,* 535 U.S. 685, 694 (2002)). The formidable standard set forth in section 2254(d) reflects the view that habeas corpus is "'a guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)).

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer,* 538 U.S. at 75 (quoting *Williams*, 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more than merely incorrect or erroneous; the state court's application of clearly established federal law must be objectively unreasonable. *Id.* (quoting *Williams*, 529 U.S. at 409). In determining whether a state court decision is contrary to, or an unreasonable application of federal law, this Court looks to the state courts' last reasoned decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000), *cert. denied*, 534 U.S. 944 (2001).

In a federal habeas proceeding, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the burden set in § 2254(d) and (e) on the record that was before the state court. *Cullen v. Pinholster*, 563 U.S. 170, 185 (2011).

3

## III. DISCUSSION

### A. Ground 1

Petitioner alleges that his Confrontation Clause rights were violated because he was denied the opportunity to cross examine the victim concerning two uncharged prior instances of molestation. (ECF No. 5 at 3.) Petitioner argues that such cross examination would have demonstrated the victim's tendency to exaggerate and overreact to sensitive physical contact, and demonstrate the victim's untruthfulness. (*Id.*) The Nevada Supreme Court examined this claim on direct appeal. The court considered whether the trial court had abused its discretion under *Miller v. State*, 779 P.2d 87 (1989), a Nevada case which provides the procedure regarding an exception to the State's rape shield law for prior false allegations of sexual assault. (Exh. 29 at 1-4.) Nevada's "rape shield statute" states that:

> In any prosecution for sexual assault or statutory sexual seduction or for attempt to commit or conspiracy to commit either crime, the accused may not present evidence of any previous sexual conduct of the victim of the crime to challenge the victim's credibility as a witness unless the prosecutor has presented evidence or the victim has testified concerning such conduct, or the absence of such conduct, in which case the scope of the accused's cross-examination of the victim or rebuttal must be limited to the evidence presented by the prosecutor or victim.

NRS 50.090. In *Miller*, the Nevada Supreme Court considered "whether defense counsel may cross-examine, for impeachment purposes, an alleged sexual assault victim concerning prior fabricated rape accusations." *Miller*, 779 P.2d at 88. The *Miller* court held that "in sexual assault case, NRS 50.090 does not bar the cross-examination of a complaining witness about prior false accusations." *Id.* at 89. Therefore, "defense counsel may cross-examine a complaining witness about previous fabricated accusations, and if the witness denies making the accusations, counsel may introduce extrinsic evidence to prove that, in the past, fabricated charges were made." *Id.* To be permitted to introduce evidence of prior false allegations, *Miller* requires advance written notice and a hearing where the defendant must prove by a preponderance of the evidence "(1) that the accusation or accusations were in fact made; (2) that the

4

accusation or accusations were in fact false; and (3) that the evidence is more probative than prejudicial." *Id.* at 90.

In this case, the Nevada Supreme Court noted that petitioner failed to properly give notice to the State that he intended to use such evidence by failing to file a written notice of his intent to cross examine the victim concerning prior allegations. (Exh. 29 at 2-3.) The Court went on to hold that the evidence did not support petitioner's claim. The Nevada Supreme Court considered the following evidence presented at a hearing following petitioner's oral *Miller* motion:

> At trial, Healey desired to cross-examine the victim about these other allegations of abuse. In order to establish that these statements were false, and thus excepted from the rape shield statute, Healey presented the testimony of two expert witnesses. First, Dr. Goebel testified that she found a tear in the victim's hymen. Then Suiter, who had examined the victim a week after Dr. Goebel, testified that the victim's vagina appeared normal. Healey argued that this evidence established, by a preponderance of evidence, the falsity of the victim's statements of abuse involving her "front private." We agree with the district court that Healey did not satisfy the second prong of the *Miller* test. The fact that one medical professional found that the victim's vagina appeared normal did not make it more likely than not that the victim was lying about these other instances of abuse. Therefore, we conclude that Healey failed to demonstrate that the district court abused its discretion in this regard.

(Exh. 29 at 4.)

The Confrontation Clause "guarantees the right of an accused in a criminal prosecution to be confronted with the witnesses against him." *Delaware v. Van Arsdall*, 475 U.S. 673, 678 (1986). However, a defendant's right to cross-examine adverse witnesses is not unlimited. "[T]he Confrontation Clause guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Van Arsdall*, 475 U.S. at 679 (quoting *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985)). Accordingly, trial courts "retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or marginally relevant." *Davis v. Alaska*, 415 U.S. 308, 316-17 (1974).

In determining whether a criminal defendant's Sixth Amendment right to confrontation has been violated by limiting cross-examination of a witness, the Ninth Circuit has held that a court must determine whether: (1) the evidence was relevant; (2) there were other legitimate interests outweighing the defendant's interests in presenting the evidence; and (3) the exclusion of the evidence left the jury with sufficient information to assess the credibility of the witness. *United States v. James*, 139 F.3d 709, 713 (9th Cir. 1998).

In his direct appeal, petitioner relied on the Ninth Circuit's decision in *Fowler v. Sacramento County Sheriff's Dept.*, 421 F.3d 1027 (9th Cir. 2005). (Exh. 27 at 18.) The right to cross examine "includes the opportunity to show that a witness is biased, [or that] testimony . . . is exaggerated or unbelievable." *Fowler*, 421, F.3d at 1035. The *Fowler* court considered a case wherein a defendant "was precluded from cross-examining Lara [a child victim] regarding two prior incidents in which she alleged that other men had molested her." *Id.* at 1027. The Ninth Circuit reversed, concluding "that the proffered cross-examination sufficiently bore upon Lara's reliability or credibility such that the jury might reasonably have questioned it and, thus, that the cross-examination implicated Fowler's Sixth Amendment right to confrontation." *Id.*

The *Fowler* case is distinguishable from the instant case, because in *Fowler*, the defendant presented evidence that the victim had lied about prior incidents. That is, the victim did, in retrospect, admit that she might have overreacted to one of the uncharged incidents. *Fowler*, 421 F.3d at 1038. Here, as found by the Nevada Supreme Court, petitioner failed to show falsity and therefore failed to comply with Nevada evidence law. Further, the charged incident in *Fowler* and the prior uncharged incidents were not dissimilar. In this case, petitioner was charged with anal sexual assault and the prior incidents were vaginal. Petitioner failed to comply with the notice requirement but still was given a hearing on his proffered cross examination regardless. *See Michigan v. Lucas*, 500 U.S. 145 (1991) (finding no violation of the Sixth Amendment where defendant was barred from presenting evidence where he failed to provide statutory

notice of intent to cross-examine a sexual assault victim). At the hearing, as found by the Nevada Supreme Court, petitioner failed to comply with Nevada law requiring proof of falsity of the victim's prior claims of abuse. *See United States v. James*, 139 F.3d at 713 (where defendant cannot demonstrate that prior claims were false, cross-examination on the subject would not have been relevant). The state court's factual findings are presumed correct. 28 U.S.C. § 2254(e)(1); *see Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004). Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's rulings were contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the rulings were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. The Court denies habeas relief as to Ground 1 of the federal petition.

**B.     Ground 2**

Petitioner alleges that his rights to a fair trial and due process were violated because he was "prevented from presenting evidence of prior false allegations, and the inconsistencies in the complaining witness's assertions of what happened to her . . . preventing her from hearing and evaluating all relevant evidence." (ECF No. 5 at 5.) The Nevada Supreme Court rejected petitioner's fair trial claim on direct appeal, as follows:

> Here, the district court did not abuse its discretion when it denied Healey's request to present evidence of the victim's other allegations of abuse. The victim accused Healey of abusing her anally, while the allegations Healey sought to admit were of vaginal penetration and touching. Pursuant to *Johnson*, [113 Nev. 772 (1992)], the victim's allegations of vaginal abuse were not probative of the physical evidence of anal penetration presented against Healey. Likewise, *Summit*, [101 Nev. 159 (1985)], does not require admission of the victim's other allegations because that evidence would not have explained her ability to describe Healey's abuse. Because the allegations of abuse excluded by the district court involved conduct other than that with which he was charged, we conclude that Healey's assertions based on *Johnson* and *Summit* are without merit.

(Exh. 29 at 6.)

"[The] proposition that the Due Process Clause guarantees the right to introduce all relevant evidence is simply indefensible." *Montana v. Egelhoff*, 518 U.S. 37, 42

1  (1996). "The accused does not have an unfettered right to offer testimony that is
2  incompetent, privileged, or otherwise inadmissible under standard rules of evidence."
3  *Taylor v. Illinois*, 484 U.S. 400, 410 (1988).  In order to determine whether a Sixth
4  Amendment violation occurred, it is necessary to make a two part inquiry. *Wood v.
5  Alaska,*, 957 F.2d 1544, 1549-50 (9th Cir. 1992). First, the court must inquire whether
6  the excluded evidence is relevant. If the evidence is relevant, the court asks next
7  whether other legitimate interests outweigh the interest in presenting the evidence. *Id.*
8  There is a Sixth Amendment violation if the trial court abuses its discretion.

9  If the court finds that there was a Sixth Amendment violation, the court must then
10 determine whether or not the error was harmless. A claim that a trial court erred by
11 limiting cross examination in violation of a defendant's Sixth Amendment rights is
12 subject to harmless-error analysis. *See Delaware v. Van Arsdall*, 475 U.S. 673, 684
13 (1986). When seeking a writ of habeas corpus on the basis of trial error the petitioner
14 must demonstrate that the trial error "had a substantial and injurious effect or influence
15 in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993);
16 *Bonin v. Calderon*, 59 F.3d 815, 824 (9th Cir. 1995). A petitioner must establish that the
17 error resulted in "actual prejudice." *Brecht*, 507 U.S. at 637.

18 As found by the Nevada Supreme Court, the limitation on cross examination was
19 reasonable. Sufficient evidence was presented on which the jury could determine the
20 victim's credibility. Substantial evidence supported the verdict, rendering error, if any,
21 harmless.  Petitioner has failed to meet his burden of proving that the Nevada Supreme
22 Court's rulings were contrary to, or involved an unreasonable application of, clearly
23 established federal law, as determined by the United States Supreme Court, or that the
24 rulings were based on an unreasonable determination of the facts in light of the
25 evidence presented in the state court proceeding. The Court denies habeas relief as to
26 Ground 2 of the federal petition.

27 ///

28 ///

## C. Ground 3

Petitioner claims that trial counsel was ineffective for failing "to investigate prior sexual abuse allegations by alleged victim to determine if false." (ECF No. 5 at 7.)

### 1. Ineffective Assistance of Counsel Standard

Ineffective assistance of counsel claims are governed by the two-part test announced in *Strickland v. Washington,* 466 U.S. 668 (1984). In *Strickland*, the Supreme Court held that a petitioner claiming ineffective assistance of counsel has the burden of demonstrating that (1) counsel's performance was unreasonably deficient, and (2) that the deficient performance prejudiced the defense. *Williams v. Taylor,* 529 U.S. 362, 390-391 (2000) (citing *Strickland,* 466 U.S. at 687). To establish ineffectiveness, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Id.* To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A reasonable probability is "probability sufficient to undermine confidence in the outcome." *Id.* Additionally, any review of the attorney's performance must be "highly deferential" and must adopt counsel's perspective at the time of the challenged conduct, in order to avoid the distorting effects of hindsight. *Strickland,* 466 U.S. at 689. It is the petitioner's burden to overcome the presumption that counsel's actions might be considered sound trial strategy. *Id.*

Ineffective assistance of counsel under *Strickland* requires a showing of deficient performance of counsel resulting in prejudice, "with performance being measured against an 'objective standard of reasonableness,'. . . 'under prevailing professional norms.'" *Rompilla v. Beard,* 545 U.S. 374, 380 (2005) (quotations omitted). If the state court has already rejected an ineffective assistance claim, a federal habeas court may only grant relief if that decision was contrary to, or an unreasonable application of the *Strickland* standard. *See Yarborough v. Gentry,* 540 U.S. 1, 5 (2003). There is a strong

///

presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.*

The United States Supreme Court has described federal review of a state supreme court's decision on a claim of ineffective assistance of counsel as "doubly deferential." *Cullen v. Pinholster*, 563 U.S. at 190 (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 112-113, 129 S.Ct. 1411, 1413 (2009)). In *Cullen v. Pinholster*, the Supreme Court emphasized that: "We take a 'highly deferential' look at counsel's performance . . . . through the 'deferential lens of § 2254(d).'" 563 U.S. at 190 (internal citations omitted). Moreover, federal habeas review of an ineffective assistance of counsel claim is limited to the record before the state court that adjudicated the claim on the merits. *Id*. at 185. "A court considering a claim of ineffective assistance of counsel must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington v. Richter*, 562 U.S. at 104 (quoting *Strickland*, 466 U.S. at 689). "The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." *Id.* (internal quotations and citations omitted).

**2. Analysis**

The Nevada Supreme Court denied petitioner's ineffective assistance of counsel claim on his appeal from the denial of his state habeas petition:

> First, appellant argues that the district court erred in rejecting his claim that counsel was ineffective for failing to investigate the victim's prior, false allegations of sexual abuse. Appellant failed to demonstrate prejudice because he did not indicate what a more thorough investigation would have revealed. *Molina v. State*, 120 Nev. 185, 192, 87 P.3d 533, 538 (2004). We therefore conclude that the district court did not err in denying this claim.

(Exh. 38 at 2.) The state courts' factual findings, as outlined above, are presumed correct. 28 U.S.C. § 2254(e)(1). As to Ground 3 of the federal petition, petitioner has failed to demonstrate that his trial counsel's performance was deficient or that he was prejudiced under *Strickland*. Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's rulings were contrary to, or involved an unreasonable

application of, clearly established federal law, as determined by the United States Supreme Court, or that the rulings were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. The Court denies habeas relief as to Ground 3.

### D. Ground 4

Petitioner alleges that trial counsel was ineffective for failing "to request that the alleged victim undergo an independent psychological examination." (ECF No. 5 at 10.) The Nevada Supreme Court rejected this claim:

> Third, appellant argues that the district court erred in rejecting his claim that counsel was ineffective for failing to request an independent psychological examination of the victim as provided for in *Abbott v. State*, 122 Nev. 715, 138 P.3d 462 (2006). Appellant failed to demonstrate deficiency or prejudice. In his opening brief, appellant alleged only that the third of the three *Abbott* factors and even then did not allege any specific facts, that, if true, would have satisfied that factor. *Cf. Hargrove*, 100 Nev. At 502, 686 P.2d at 225. We therefore conclude that the district court did not err in denying this claim.

(Exh. 38 at 3.) In *Abbott v. State*, the Nevada Supreme Court ruled that, to determine whether there exists a compelling need for an examination, courts must consider three factors: (1) whether the State called or benefitted from a psychological expert, (2) whether the evidence of the offense is supported by little or no corroboration beyond the testimony of the victim, and (3) whether there is a reasonable basis for believing that the victim's mental or emotional state may have affected his or her veracity. 138 P.3d 462, 468, 470-3 (2006). The *Abbott* case does not provide entitlement to a psychological examination, as petitioner suggests. *Id.* In his state post-conviction proceedings, petitioner failed to show that he could have satisfied the *Abbott* requirements. The state courts' factual findings are presumed correct. 28 U.S.C. § 2254(e)(1). Regarding Ground 4 of the federal petition, petitioner has failed to demonstrate that his trial counsel's performance was deficient or that he was prejudiced under *Strickland*. Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's rulings were contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the rulings were

based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. The Court denies habeas relief as to Ground 4.

### E. Ground 5

Petitioner claims that trial counsel was ineffective for "not making request/motion to conduct a '*Miller*' hearing on false allegations." (ECF No. 5 at 13.) The Nevada Supreme Court rejected this claim:

> Second, appellant argues that the district court erred in rejecting his claim that counsel was ineffective for failing to request a hearing pursuant to *Miller v. State*, 105 Nev. 497, 502, 779 P.2d 87, 90 (1989). Appellant failed to demonstrate deficiency or prejudice, because, as he concedes, he nevertheless received a *Miller* hearing. To the extent that appellant argues that the result of the hearing would have been different had counsel timely requested it, appellant has not stated what additional information would have been presented or how it would have affected the outcome. We therefore conclude that the district court did not err in denying this claim.

(Exh. 38 at 2-3.) The state courts' factual findings are presumed correct. 28 U.S.C. § 2254(e)(1). Petitioner has failed to demonstrate that his trial counsel's performance was deficient or that he was prejudiced under *Strickland*. Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's rulings were contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the rulings were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. The Court denies habeas relief as to Ground 5.

### F. Ground 6

Petitioner alleges that his direct appeal counsel was ineffective for failing to "address the admissibility of false allegations and the requirements of an independent psychological examination under . . . . *Abbott v. State,* 122 Nev. 715 (2006)." (ECF No. 5 at 15.)

The *Strickland* standard also applies to claims of ineffective appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). Appellate counsel has no constitutional duty to raise every non-frivolous issue requested by the client. *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983). To state a claim of ineffective assistance of appellate counsel,

a petitioner must demonstrate: (1) that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and (2) that the resulting prejudice was such that the omitted issue would have a reasonable probability of success on appeal. *Id.* "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Id.* at 751-52. Petitioner must show that his counsel unreasonably failed to discover and file nonfrivolous issues. *Delgado v. Lewis*, 223 F.3d 976, 980 (9th Cir. 2000). It is inappropriate to focus on what could have been done rather than focusing on the reasonableness of what counsel did. *Williams v. Woodford*, 384 F.3d 567. 616 (9th Cir. 2004) (citation omitted).

The Nevada Supreme Court rejected petitioner's claim, as follows:

> Appellant also argues that the district court erred in rejecting his claim that appellate counsel was ineffective for failing to argue *Abbott* on direct appeal. For the reasons discussed above, appellant failed to demonstrate deficiency or prejudice. We therefore conclude that the district court did not err in denying this claim.

(Exh. 38 at 3.) Because the underlying claims regarding the admissibility of "false allegations" and the requirements of an independent psychological examination under *Abbott v. State* entitled petitioner to no relief, appellant counsel was not ineffective for failing to raise them. Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's rulings were contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the rulings were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. The Court denies habeas relief as to Ground 6.

## IV. CERTIFICATE OF APPEALABILITY

District courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28

U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* In this case, no reasonable jurist would find this court's denial of the petition debatable or wrong. The Court therefore denies petitioner a certificate of appealability.

## V.   CONCLUSION

It is therefore ordered that the petition for a writ of habeas corpus is denied.

It is further ordered that petitioner is denied a certificate of appealability.

It is further ordered that the Clerk of Court enter judgment accordingly.

DATED THIS 12th day of September 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE